**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-1445**

---

MAME SAMB,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A98-706-610)

---

Submitted:  October 29, 2007        Decided:  January 10, 2008

---

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Mame Samb, Petitioner Pro Se.  James Arthur Hunolt, Mona Maria
Yousif, Office of Immigration Litigation, UNITED STATES DEPARTMENT
OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mame Samb, a native and citizen of Senegal, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming the immigration judge's order pretermitting her application for asylum relief as untimely[*] and denying her applications for withholding of removal and protection under the Convention Against Torture ("CAT").

Samb challenges the Board's denial of withholding of removal. To qualify for withholding of removal, "the alien [must] demonstrate 'a clear probability of persecution' on account of a protected ground." Dankam v. Gonzales, 495 F.3d 113, 115 (4th Cir. 2007) (quoting INS v. Stevic, 467 U.S. 407, 430 (1984)). The protected grounds are defined as "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A) (2000); 8 C.F.R. § 1208.16(b) (2007). Based on our review of the record, we find that substantial evidence supports the Board's holding that Samb failed to meet this standard.

Samb also alleges that the Board erred in denying her protection under the CAT, asserting that the Board applied an incorrect standard to her claim. We reject her contention that a "clear probability" of torture is a higher standard than the

---

[*]Samb does not challenge the Board's denial of asylum relief as untimely filed.

regulatory language, "more likely than not." 8 C.F.R. § 1208.16(c)(2) (2007). Although Samb relies on language in <u>Stevic</u> to support her position, <u>Stevic</u> is concerned with the difference in burden between the "well-founded fear" standard of an asylum claim and the "more likely than not" standard for withholding of removal. The CAT had not been enacted in 1984, and the language used in the CAT, "more likely than not," 8 C.F.R. § 1208.16(c)(2), is the same as that used as the standard for withholding of removal, 8 C.F.R. § 1208.16(b)(2), and has been equated to "clear probability." <u>See</u> <u>Kouljinski v. Keisler</u>, __ F.3d __, __, 2007 WL 2989461, at *8 (6th Cir. Oct. 16, 2007) ("To prevail on a petition for withholding of removal under the [Immigration and Nationality Act ("INA")], or on a petition for withholding of removal under the CAT, an alien must show that there is a 'clear probability' that she would be subject to persecution, for the INA, or to torture, for the CAT . . . ."); <u>Fadiga v. U.S. Att'y Gen.</u>, 488 F.3d 142, 160 (3d Cir. 2007) (noting the Board erred in holding the alien to the underlying "clear probability" standard for withholding of removal and CAT protection rather than to motion to reopen standard); <u>Yakovenko v. Gonzales</u>, 477 F.3d 631, 637 (8th Cir. 2007) ("To be entitled to relief under the [CAT], it is not necessary that torture be motivated by a protected basis, but there must be a clear probability the petitioner will be tortured if returned to her homeland."); <u>Sulaiman v. Gonzales</u>, 429 F.3d 347, 351 (1st Cir. 2005) (rejecting

claim that "clear probability" was not CAT standard, holding "'[c]lear probability' simply means 'more likely than not,' which is the correct standard for the immigration judge to apply . . . ."). We conclude that the Board did not err in using the "clear probability" language. Further, substantial evidence supports the Board's finding that Samb failed to meet that standard. See Lin-Jian v. Gonzales, 489 F.3d 182, 193 (4th Cir. 2007) (applying substantial evidence standard to CAT claim).

Therefore, we deny Samb's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED